**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**JUL 5 2001**

FOR THE TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

DON C. MONTGOMERY and
JUDY MONTGOMERY,

      Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent-Appellee.

No. 00-9033
(Tax Court No. 20005-93)

ORDER AND JUDGMENT  *

Before **EBEL** , **PORFILIO,**  and **KELLY** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioners Don and Judy Montgomery, appearing pro se, have filed a second appeal relating to the tax court's decision, following a trial, determining that they had substantial unreported income during 1988 and 1989. The background facts of this case are well known to the parties and are fully set forth in our decision resolving the first appeal. *See Montgomery v. Commissioner*, No. 98-9007, 1999 WL 1256294 (10th Cir. Dec. 21, 1999) (unpublished disposition).

In the first appeal, we affirmed the tax court's decision sustaining income tax deficiencies based on substantial unreported income, but reversed and remanded the case with respect to three payments that Mr. Montgomery received from Trans State Pavers (Trans State) on behalf of H & B Transport, Inc. (H & B) but allegedly did not deposit into the H & B bank account. As to these payments, we held that petitioners had presented evidence that three deposits in H & B's account matched the amounts paid by Trans State and that the Commissioner had not met his burden of proving that Mr. Montgomery took the money from Trans State for his own personal use. Accordingly, we reversed and remanded to determine the appropriate reduction in taxes and penalties with respect to these three payments.

On remand, petitioners filed a motion for a new trial reasserting all of the arguments previously raised in the tax court and on appeal before this court.

-2-

The tax court held that motion in abeyance and ordered both parties to submit a proposed computation of the tax deficiencies. *See* Rule 155 of the Tax Court Rules of Practice and Procedure (governing computation by parties for entry of decision). The Commissioner filed a proposed computation of the taxes and penalties due after taking into consideration this court's ruling that the three Trans State payments were not income to Mr. Montgomery. In response, petitioners stated they did not have the ability or knowledge to file a proposed computation and were expecting a new trial. The tax court gave petitioners a deadline to file an objection to the Commissioner's submitted computation. Petitioners responded that they did not know if the Commissioner's computation was correct and stated that they did not agree that they owed any taxes. The tax court accepted the Commissioner's computation, finding that petitioners had not presented anything to suggest that the Commissioner's computation was incorrect, and it entered judgment accordingly. *See* Rule 155(b) (if "opposite party fails to file an objection . . . then the [tax c]ourt may enter decision in accordance with the computation already submitted."). The tax court also denied the petitioners' motion for a new trial.

On appeal, petitioners continue to try to relitigate issues already decided against them in the first appeal. This court's order of remand was narrowly limited to the issue of recalculating petitioners' taxes to reflect the reduction

-3-

in taxes and penalties relating to the three Trans State payments. Because our mandate to the tax court was so limited, the remand did not permit any issues relating to the other determinations of tax deficiencies to be reopened. *See Ute Indian Tribe v. Utah*, 114 F.3d 1513, 1520-21 (10th Cir. 1997) (holding that the mandate rule requires lower court to comply strictly with mandate rendered by reviewing court). Thus, the tax court properly denied petitioners' request for a new trial.

Because the "[i]ssues considered in a [Tax Court] Rule 155 proceeding are limited to purely mathematically generated computational items, we will review the Tax Court's computations under Rule 155 for abuse of discretion." *Chimblo v. Commissioner*, 177 F.3d 119, 127 (2d Cir. 1999) (quotations and citations omitted, alteration in original). Petitioners did not submit their own proposed computation, did not file an objection to the Commissioner's computation, and do not allege any error in the computation accepted by the tax court. Thus, we conclude that the tax court did not abuse its discretion in accepting the Commissioner's computation of the tax deficiencies.

The judgment of the tax court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge

-4-